UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAYVA CROSS,<br><br>            Petitioner,<br><br>        v.<br><br>DONALD HOLBROOK,<br><br>            Respondent. | CASE NO. C14-1092JLR<br><br>ORDER DENYING MOTION FOR STAY OF PROCEEDINGS |

## I.    INTRODUCTION

Before the court is Petitioner Dayva Cross's motion to stay his habeas corpus petition. (Mot. (Dkt. # 30).) Respondent Donald Holbrook filed a response arguing that Mr. Cross has failed to demonstrate good cause for a stay in these proceedings "at least to his challenge to his convictions." (Resp. (Dkt. # 31) at 2.) The court has reviewed Mr. Cross's motion, all submissions filed in support of and opposition to the motion, the balance of the record, and the applicable law. Being fully advised, the court DENIES Mr. Cross's motion for a stay.

ORDER- 1

## II.     BACKGROUND

Mr. Cross was convicted of aggravated first degree murder and sentenced to death. The Washington Supreme Court affirmed the convictions and sentence on direct appeal, and denied Mr. Cross's personal restraint petition. *See State v. Cross*, 132 P.3d 80 (Wash. 2006); *In re Cross*, 309 P.3d 1186 (Wash. 2013); *In re Cross*, 327 P.3d 660 (Wash. 2014). The Washington Supreme Court issued a certificate of finality on October 7, 2014. (*See* Cert. (Dkt. # 7-1).) Mr. Cross initiated this action in federal court on July 15, 2014. (*See* Ex Parte Mot. (Dkt. # 1).) The court granted a stay of execution on October 14, 2014. (10/14/14 Order (Dkt. # 10).) Mr. Cross filed his first amended petition for a writ of habeas corpus on May 29, 2015 (Am. Pet. (Dkt. # 15)), and his second amended petition on July 12, 2015 (2d Am. Pet. (Dkt. # 18)). Respondent filed his answer on October 29, 2015. (Ans. (Dkt. # 23).) Mr. Cross's reply is due on June 17, 2016. (2/24/16 Order (Dkt. # 35).)

Mr. Cross now seeks to stay his federal habeas corpus proceedings on two grounds. First, based on a November 12, 2015, news report, counsel for Mr. Cross argues that the Washington Association of Prosecuting Attorneys has announced that state prosecutors will ask lawmakers to send a death-penalty referendum to the voters of Washington State in 2016.[1] (Mot. at 3.) Mr. Cross's counsel also notes that Governor Jay Inslee has placed a moratorium on all executions in the state of Washington while he

---

[1] In his reply memorandum, Mr. Cross also cites an interview with King County Prosecuting Attorney Dan Satterberg in which Mr. Satterberg states his opinion that Washington State will ultimately eliminate the death penalty. (*See* Reply (Dkt. # 32) at 3, Ex. A.)

is in office. (*Id.* at 2-3.) Mr. Cross's counsel argues that "[i]n light of these new developments, there is a significant possibility that the [s]tate of Washington will abolish the death penalty in the very near future." (*Id.* at 3.) Mr. Cross asks the court to stay his habeas corpus proceeding "to allow the lawmakers of the [s]tate of Washington to evaluate our death penalty laws." (*Id.* at 5.) Second, in his reply memorandum, Mr. Cross argues that the Washington Supreme Court is currently considering several capital cases which "could result in the abolition of the death penalty scheme in Washington under which Mr. Cross has been sentenced to death." (Reply (Dkt. # 32) at 2 & n.1; *see also* Mem. (Dkt. # 33).)

Respondent argues that the court should deny the stay "at least as to the claims challenging the validity of [Mr.] Cross's convictions." (Resp. at 3.) Respondent argues that "even if the referendum passed and the voters repealed the death penalty, the [c]ourt must still resolve [Mr.] Cross's claims challenging his convictions." (*Id.*) Respondent also argues that pending habeas corpus petitions harm the State's compelling interest in the enforcement of state criminal laws and the finality of state court judgments, and a stay of those proceedings compounds this harm. (*Id.*)

### III.   ANALYSIS

In determining whether a stay is appropriate, the court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). In considering whether to exercise its discretion to grant a stay, the court should weigh three factors: "(1) the possible damage which may result

from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255; *Lockyer*, 398 F.3d at 1112.

The court has the authority to stay a federal habeas corpus petition where a stay "would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(b)(1)(A), does not deprive courts of the authority to stay habeas corpus petitions, the AEDPA "does circumscribe their discretion." *Rhines*, 544 U.S. at 276. One of the purposes of the AEDPA "is to 'reduce delays in the execution of state and federal criminal sentences, particularly in capital cases.'" *Id.* (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). Even where a stay is appropriate, "the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Id.* at 277. Thus, a habeas petition should not be stayed indefinitely. *Id.*

The court finds that the relevant factors do not weigh in favor of granting Petitioner's motion for a stay. With respect to the first factor—the possible damage which may result from the granting of a stay, *CMAX*, 300 F.2d at 268—Respondent

ORDER- 4

asserts that a stay would compound harm to the State's interest in the finality of its judgments and the enforcement of its criminal laws. (Resp. at 3.)  The court agrees.  In *In re Blodgett*, 502 U.S. 236 (1992), the Supreme Court determined that Washington State suffered prejudice when a two-and-one-half-year stay of execution prevented the State from exercising its sovereign power to enforce the criminal law—an interest the Supreme Court found of "great weight." *Id.* at 239-40.  Mr. Cross argues that any such harm is limited because he is seeking a stay of "perhaps no more than six months" (Mot. at 5) or "through the end of the Washington legislature's 2016 term, to determine whether the legislature will take action on this issue and whether the Supreme Court may address the validity of the death penalty during this time period" (Reply at 2).  Although the shorter stay that Mr. Cross seeks may limit the harm suffered by the State, it does not eliminate that harm.

On the other hand, with respect to the second factor—the hardship or inequity which a party may suffer in being required to go forward, *CMAX*, 300 F.2d at 268—Mr. Cross's counsel acknowledges that Mr. Cross "would not suffer any 'hardship' if he is required to go forward in this litigation." (Mot. at 4.)  Indeed, as indicated above, irrespective of the outcome of this proceeding, Mr. Cross's sentence cannot be enforced at the moment because Governor Inslee has placed a moratorium on all executions in the state of Washington while he is in office.  At most, Mr. Cross's attorneys argue that they "will be forced to expend considerable resources over the next several months," as will the court and opposing counsel. (*Id.*; Reply at 3 n.2.)  These are the typical costs of litigation, and the court does not believe they constitute the type of hardship that might

warrant a stay in habeas corpus proceedings.  *See Rhines*, 544 U.S. at 276-77 (concluding that AEDPA circumscribes the court's discretion to issue stays in habeas corpus proceedings).

Finally, the court finds that the third factor—the the orderly course of justice, *CMAX*, 300 F.2d at 268—does not weigh in favor of granting Mr. Cross's motion.  As Respondent points out, Mr. Cross's petition contains challenges to not just his sentence but his conviction as well.  (Resp. at 2.)  In his motion, Mr. Cross asserts no basis for staying the portions of his petition that relate to his conviction.  (*See generally* Mot.)  Thus, the litigation will proceed forward and litigation costs will necessarily be incurred even if the court were inclined (which it is not) to grant Mr. Cross's motion for a stay regarding the challenges that relate solely to his sentence.

In any event, the court is unwilling to stay this litigation on the thin threads that (1) the Washington legislature may place a referendum on the death penalty before the voters of this state that those voters may subsequently approve, or (2) the Washington Supreme Court may issue a ruling at some point during the coming months on a pending matter that may impact the validity of Mr. Cross's sentence.  On balance, the court finds that the factors it considers in deciding whether to exercise its discretion to stay a proceeding do not weigh in favor of a stay.  If circumstances change and the legislature in fact places a referendum concerning the death penalty before Washington's voters, or if there are developments in any of the cited cases before the Washington Supreme Court that merit this court's attention, Mr. Cross may re-file his motion.  As circumstances

presently exist, however, the court believes a stay is inappropriate and therefore denies Mr. Cross's motion.

### IV. CONCLUSION

Based on the foregoing analysis, the court DENIES Mr. Cross's motion for a stay (Dkt. # 30). If circumstances change, as described above, Mr. Cross may re-file his motion, but at this time the court finds no basis for entering a stay in these habeas corpus proceedings.

Dated this 18th day of April, 2016.

JAMES L. ROBART
United States District Judge