1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
                  AT SEATTLE

9

10   DAYVA MICHAEL CROSS,                      CASE NO. C14-1092JLR

11                    Petitioner,              ORDER ON ISSUES RAISED AT
                                               STATUS CONFERENCE
12          v.
                                               **CAPITAL CASE**
13   DONALD HOLBROOK,

14                    Respondent.

15                    **I.       INTRODUCTION**

16          On July 13, 2016, Petitioner Dayva Michael Cross filed a motion for a status

17   conference.  (Mot. (Dkt. # 48).)  On July 18, 2016, the court struck Mr. Cross's motion,

18   but in doing so scheduled a status conference for August 16, 2016, and directed the

19   parties to file a joint status report addressing the issues raised in Mr. Cross's motion.

20   (7/18/16 Order (Dkt. # 49) at 2.)  Specifically, the court directed the parties to address:

21   (1) any motions the parties intend to file concerning evidentiary development in this case;

22   (2) the parties' proposals for the timing and briefing schedule of any such motions; (3)

ORDER- 1

1  the status of the apparent incomplete production of state court records herein; (4) the

2  reasons for any such incomplete production; (5) when the parties anticipate the

3  production of state records will be complete; and (6) any other issues that the parties

4  believe they should bring to the court's attention at this time.  (*Id.* at 1-2.)  The parties

5  filed their joint status report on August 8, 2016.  (JSR (Dkt. # 50).)  On August 16, 2016,

6  the court heard from counsel regarding the foregoing issues, and now issues the following

7  order.  (*See* Min. Entry (Dkt. # 51).)

8                              **II.     BACKGROUND**

9        Mr. Cross was convicted of aggravated first degree murder and sentenced to death.

10  The Washington Supreme Court affirmed the convictions and sentence on direct appeal,

11  and denied Mr. Cross's personal restraint petition.  *See State v. Cross*, 132 P.3d 80

12  (Wash. 2006); *In re Cross*, 309 P.3d 1186 (Wash. 2013); *In re Cross*, 327 P.3d 660

13  (Wash. 2014).  The Washington Supreme Court issued a certificate of finality on October

14  7, 2014.  (*See* Cert. (Dkt. # 7-1).) Mr. Cross initiated this action in federal court on July

15  15, 2014.  (*See Ex Parte* Mot. (Dkt. # 1).)  The court granted a stay of execution on

16  October 14, 2014.  (10/14/14 Order (Dkt. # 10).)

17        Mr. Cross filed his first amended petition for a writ of habeas corpus on May 29,

18  2015 (Am. Pet. (Dkt. # 15)), and his second amended petition on July 12, 2015 (2d Am.

19  Pet. (Dkt. # 18)).  Respondent filed his answer on October 29, 2015.  (Ans. (Dkt. # 23).)

20  Mr. Cross filed reply on June 17, 2016.  (Reply (Dkt. # 44).)

21        On November 25, 2015, Mr. Holbrook filed a notice of submission of the state

22  court record pursuant to Local Rule LCR 104(i)(1).  (Rec. Not. (Dkt. # 28) at 1 (citing

1   Local Rule W.D. Wash. LCR 104(i)(1)).)  The notice indicates that there are additional

2   records that were filed under seal in the state court and Respondent anticipates

3   supplementing the record.  (*Id.*)

4          On June 6, 2016, Mr. Cross filed a notice that the record was incomplete.  (Notice

5   (Dkt. # 43).)  In this notice, Mr. Cross asserts that Mr. Holbrook failed to produce

6   transcripts of state court proceedings involving *voir dire* on March 13, 19, and 20, 2016.

7   (*Id.* at 1.)  Mr. Cross also asserts that Mr. Holbrook failed to produce portions of the

8   February 12, 2001, transcript involving Mr. Cross's motion for independent counsel, and

9   portions of the September 8, 2000, transcript for *in camera* proceedings with defense

10  counsel.  (*Id.* at 2.)  Mr. Cross asks that he be permitted to supplement his June 17, 2016,

11  Reply after Mr. Holbrook produces the entire record.  (*Id.*)

12         On June 29, 2016, Mr. Holbrook filed a notice of supplementation of the state

13  court record.  (Supp. Rec. Not. (Dkt. # 47).)  This filing, however, did not resolve the

14  issues regarding the completeness of the state court record that are presently before the

15  court.

16         On July 13, 2016, Mr. Cross filed a motion for a status conference.  (*See* Mot.)

17  Mr. Cross sought a status conference with the court to (1) discuss the procedure and

18  timing for filing motions concerning evidentiary development, and (2) resolve issues

19  related to portions of the state court record.  (*Id.*)  On July 18, 2016, the court entered an

20  order striking Mr. Cross's motion, but directing the parties to file a joint status report

21  concerning the issues raised in Mr. Cross's motion, including:  "(1) any motions the

22  parties intend to file concerning evidentiary development in this case; (2) the parties'

1   proposals for the timing and briefing schedule of any such motions; (3) the status of the

2   apparent incomplete production of state court records herein; (4) the reasons for any such

3   incomplete production; (5) when the parties anticipate the production of state records will

4   be complete; and (6) any other issues that the parties believe they should bring to the

5   court's attention at this time.  (7/18/16 Order at 2-3.)

6       The parties filed their joint status report on August 8, 2016.  (*See* JSR.)  In their

7   joint status report, the parties disagree on the appropriate sequence of Mr. Cross's

8   motions concerning (1) discovery and (2) expansion of the record and for an evidentiary

9   hearing.  (*Id*. at 1-3.)  Mr. Cross wants to file his motion for additional discovery under

10  Rule 6 of the Rules Governing Section 2254 Cases, followed by his motion for expansion

11  of the record and for an evidentiary hearing under Rules 7 and 8 thirty days after

12  completion of discovery.  (*Id*. at 2.)  Mr. Holbrook believes that the order of these

13  motions should be reversed.  (*Id*. at 2-3.)  He believes that the court should only consider

14  a motion for discovery if the court first determines that an evidentiary hearing or

15  expansion of the record is proper.  (*Id*. at 2.)  Mr. Holbrook cites no authority in support

16  of his position.  (*See id*. at 2-3.)  Neither party discusses whether the motions could be

17  filed and considered simultaneously.  (*See id*.)

18      The parties are also in dispute about the state of the record.  (*Id*. at 3-6.)  Mr. Cross

19  lists three areas in which he contends Mr. Holbrook must supplement his production of

20  the state court record:  (1) portions of the transcripts from trial court proceedings on

21  September 8, 2000, and February 12, 2001, and the entire transcripts from proceedings on

22  March 13, 19, and 20, 2001; (2) records previously under seal in state court, including

victim M.B.'s diary, a bar complaint against trial counsel, juror questionnaires, and the medical records of Mr. Cross's family; and (3) Washington State Supreme Court case reports from other aggravated murder cases. (*Id.* at 3.) In the parties' joint status report, Mr. Holbrook contends that production of the state court record is complete, and he is not obligated to produce any of the items Mr. Cross seeks. (*Id.*)

At the joint status conference, the parties informed the court that they had resolved two of their foregoing disputes about the record. First, in *Yates v. Sinclair*, No. C13-0842RSM, 2016 WL 3976556 (W.D. Wash. July 25, 2016), the Honorable Ricardo S. Martinez, Chief United States District Judge, ordered Respondent to produce the aggravated murder reports used by the Washington Supreme Court to conduct its proportionality review. *Id.* at *5. Accordingly, Mr. Holbrook has withdrawn his objection to producing these same reports in this case. Second, counsel for Mr. Cross no longer seeks production of the sealed state court records described above. At this time, counsel for Mr. Cross is satisfied with Mr. Holbrook's counsel's representation that the records described above exist and were sealed in the state court.[1] Thus, the only issue concerning the record that remains before the court is the disputed transcripts of certain state court proceedings.

//

//

---

[1] Although at this time Mr. Cross's attorneys do not believe that these sealed state court records bear directly upon Mr. Cross's claims, at the status conference they reserved the right to reopen this issue if their understanding concerning the relevancy of these documents changes in the future.

# III.     ANALYSIS

## A.  Scheduling Motions for (1) Discovery and (2) Expansion of the Record and an Evidentiary Hearing

The parties are in dispute as to the order in which Mr. Cross should file his motion for discovery under Rule 6 of the Rules Governing Section 2254 Cases and his motion for expansion of the record and an evidentiary hearing under Rules 7 and 8.[2]  (JSR at 2-3.)  Neither party discusses the possibility that the motions be filed simultaneously.  (*See generally id.*)

The court will require Mr. Cross to file his motions simultaneously.  Although the standards governing a motion for discovery[3] and a motion for an evidentiary hearing[4] are

---

[2] Mr. Holbrook states that he intends to file a motion for discovery only if the court grants Mr. Cross an evidentiary hearing.  (JSR at 2.)  If the court orders an evidentiary hearing with respect to any of Mr. Cross's claims, the court will permit Mr. Holbrook an opportunity to file such a motion.

[3] Rule 6 of the Rules Governing Section 2254 Cases provides that this court may, for good cause, allow discovery.  Rule 6(a), Rules Governing Section 2254 Cases.  Rule 6(b) requires a party requesting discovery to provide reasons for the request and to specify any requested documents.  *Id.*  Unlike civil litigants, a habeas petitioner is not presumptively entitled to discovery.  *See Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999).  Good cause may be shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

[4] The court's discretion to hold an evidentiary hearing is limited by 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—

distinct, since the Supreme Court's ruling in *Cullen v. Pinholster*, 563 U.S. 170 (2011),

the court's analysis of these motions is often intertwined.  Typically in a 28 U.S.C.

§ 2254 proceeding, in order for the court to consider any evidence that a petitioner

obtains through discovery or develops in an evidentiary hearing, the petitioner must first

demonstrate that he or she can overcome the limitation on such evidence that the

Supreme Court announced in *Pinholster*.  "*Pinholster* precludes the consideration of new

evidence . . . for the purpose of determining whether the last reasoned state court decision

was contrary to or an unreasonable determination of the facts under 28 U.S.C.

§ 2254(d)."[5]  *Crittenden v. Chappell*, 804 F.3d 998, 1010 (9th Cir. 2015) (citing

---

> (i) a new rule of constitutional law, made retroactive to cases       on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254.

[5] 28 U.S.C. § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

1   *Pinholster*, 131 S. Ct. at 1398 ("We now hold that review under § 2254(d)(1) is limited to

2   the record that was before the state court . . . .")).[6]

3         The Ninth Circuit has recognized that *Pinholster* "effectively precludes federal

4   evidentiary hearings" on claims adjudicated on the merits in state court.  *Gulbrandson v.*

5   *Ryan*, 738 F.3d 976, 993 (9th Cir. 2013); *see also Sully v. Ayers*, 725 F.3d 1057, 1075

6   (9th Cir. 2013) ("Although the Supreme Court has declined to decide whether a district

7   court may ever choose to hold an evidentiary hearing before it determines that § 2254(d)

8   has been satisfied . . . an evidentiary hearing is pointless once the district court has

9   determined that § 2254(d) precludes habeas relief.") (internal quotation marks and

10   citation omitted).  Further, *Pinholster* is equally applicable with respect to motions

11   seeking additional discovery.  *See Runningeagle v. Ryan*, 686 F.3d 758, 773 (9th Cir.

12   2012) ("[Petitioner] is not entitled to an evidentiary hearing or additional discovery in

13   federal court because his claim is governed by 28 U.S.C. § 2254(d)(1)" and "review of

14   such claims 'is limited to the record that was before the state court that adjudicated the

15   claim on the merits.'") (quoting *Pinholster*, 131 S. Ct. at 1398); *Peraza v. Campbell*, 462

16   F. App'x. 700, 701, 2011 WL 6367663, at *1 (9th Cir. 2011) ("In summary, to the extent

17   [the petitioner] seeks to expand the record through discovery and an evidentiary hearing,

18   beyond what was presented to the state court, we conclude that such relief is precluded by

19

20   28 U.S.C. § 2254(d).

21       [6] Although *Pinholster* specifically addressed only 28 U.S.C. § 2254(d)(1), the Ninth
Circuit has observed that "*Pinholster* and the statutory text make clear that this evidentiary
limitation is applicable to § 2254(d)(2) claims as well."  *Gulbrandson v. Ryan*, 738 F.3d 976, 993

22   n.6 (9th Cir. 2013) (citing § 2254(d)(2) and *Pinholster*, 131 S. Ct. at 1400 n.7).

1  *Pinholster* . . . ."); *Neng Saypao Pha v. Swarthout*, No. 2:13-CV-1133 MCE GGH, 2015

2  WL 1787569, at *6 (E.D. Cal. Apr. 20, 2015), *subsequently aff'd sub nom. NENG*

3  *SAYPAO PHA v. GARY SWARTHOUT, WARDEN*, No. 15-16028, 2016 WL 4073503

4  (9th Cir. Aug. 1, 2016) ("*Pinholster* applies to all requests for evidentiary hearing (and

5  discovery) no matter the subject of the claim; it worked a sea change in federal habeas

6  corpus practice.").[7]

7      In addition, the Ninth Circuit has held that if a petitioner is not entitled to an

8  evidentiary hearing, then his request for discovery is futile, and the court does not abuse

9  its discretion in denying it.  *Kemp v. Ryan*, 638 F.3d 1245, 1269 (9th Cir. 2011).  Thus,

10  the court's analysis of Mr. Cross's motion for discovery, on the one hand, and his motion

11  to expand the record or for an evidentiary hearing, on the other, is likely to be intertwined

12  at least in part.  Accordingly, the court will require Mr. Cross to simultaneously brief

13  these motions in a single filing.[8]  (*See* CMO (Dkt. # 8) at 4 ("Following the filing of the

14  Petition, Answer, and Reply, Petitioner will be provided an opportunity to file a motion

15   

16     [7] The court understands that Mr. Cross raises two claims in his petition that purport to
implicate *Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012), and that *Martinez* creates the

17  potential for an exception to the *Pinholster* limitation on new evidence in § 2254 actions.  If a
petitioner otherwise satisfies the requirements set forth in *Martinez* and its progeny, the court

18  may hear procedurally-defaulted ineffective assistance of counsel claims de novo, with new
supporting evidence, on federal habeas corpus review.  *Martinez*, 132 S. Ct. at 1315; *see Dickens

19  v. Ryan*, 740 F.3d 1302, 1320 (9th Cir. 2014) ("We reject any argument that *Pinholster* bars the
federal district court's ability to consider [the petitioner's] "new" [ineffective assistance of

20  counsel] claim. . . . *Pinholster* says nothing about whether a court may consider a 'new' claim,
based on 'new' evidence not previously presented to the state courts.").

21     [8] At the joint status conference, counsel for Mr. Cross suggested that simultaneous
briefing might result in subsequent additional motion practice.  The court recognizes this

22  possibility, but still adheres to its decision to initially require simultaneous briefing of the
motions at issue.

ORDER- 9

1  for evidentiary development[,] . . . includ[ing], but not limited to, requests for discovery,

2  expansion of the record, and evidentiary hearings under Rules 6, 7, and 8 of the Rules

3  Governing Section 2254 Cases.").)

4         Based on the foregoing analysis, the court sets the following schedule:

5     1.  Mr. Cross shall file his motion for discovery, expansion of the record, and an

6         evidentiary hearing no later than September 30, 2016.[9] (*See* JSR at 2

7         (suggesting September 30, 2016, as the filing date for either Mr. Cross's

8         motion for additional discovery or his motion for expansion of the record and

9         an evidentiary hearing).)

10    2.  Mr. Holbrook shall file his response to the foregoing motions no later than

11        October 31, 2016.  (*See id.* at 2-3 (suggesting October 31, 2016, as the

12        response date for either Mr. Cross's motion for additional discovery or his

13        motion for expansion of the record and an evidentiary hearing).)

14    3.  Mr. Cross shall file his reply memorandum no later than November 14, 2016.

15        (*See id.* at 2-3 (suggesting that Mr. Cross's reply memorandum for either his

16        motion for additional discovery or his motion for expansion of the record and

17        an evidentiary hearing should be two weeks following the response).)

18 //

19 //

20

21        [9] The Case Management Order states that Mr. Cross's motion for evidentiary
   development "shall . . . not exceed sixty (60) pages cumulatively (excluding appendices)."

22 (CMO at 4.)

### B.  Disputed Transcripts

The only issue concerning the state of the record that remains before the court is the disputed transcripts of certain state court proceedings.  Local Rule LCR 104(i)(1)(A) requires Mr. Holbrook, as Respondent, to "lodge with the court and serve petitioner's lead counsel with . . . [t]ranscripts of all state trial court proceedings."  *See* Local Rule W.D. Wash. LCR 104(i)(1)(A).  Mr. Cross asserts that portions of the transcripts from trial court proceedings on September 8, 2000, and February 12, 2001, and the entire transcripts from the proceedings on March 13, 19, and 20, 2001, are missing from the state court record that Mr. Holbrook has produced to date.  (JSR at 3-4.)  Mr. Cross argues that Mr. Holbrook is obligated to produce transcripts of these proceedings under the court's Local Rule.  (*Id.* at 3-4.)

According to Mr. Holbrook's counsel, the court reporter who was present at these proceedings never transcribed her notes.  (*See* JSR at 5 ("[T]hese transcripts apparently were never transcribed.").)  Furthermore, Mr. Cross's counsel reported to the court at the joint status conference that the court reporter is now deceased.  Nevertheless, according to Mr. Cross's counsel, the court reporter's notes of the proceedings may still be located at the state court clerk's office, and it may still be possible to have those notes transcribed.

Mr. Holbrook takes the position that because the court reporter's notes have not been transcribed to date, he is under no obligation based on Local Rule LCR 104(i)(1)(A) to produce transcripts for the proceedings at issue.  The court finds this reasoning unpersuasive.  Mr. Holbrook has an obligation under the court's Local Rule to produce

1    "[t]ranscripts of all state trial court proceedings."  Local Rule W.D. Wash.  LCR

2    104(i)(1)(A).  The language of the Rule is clear.  The failure of the court reporter to

3    transcribe her notes does not absolve Mr. Holbrook from his duty under the Local Rules.

4    Assuming it is still possible in light of the court reporter's death, Mr. Holbrook has an

5    obligation to have the notes transcribed and to produce the transcripts.

6          Relying on *Pinholster*, Mr. Holbrook also argues that he should not have to

7    produce the transcripts because they were not part of the record before the Washington

8    Supreme Court.  (*Id.* at 6 (citing *Pinholster*, 563 U.S. 170).)  In *Jamerson v. Rumels*, 713

9    F.3d 1218 (9th Cir. 2013), the Ninth Circuit rejected the notion that *Pinholster* precludes

10   review of evidence that was before the state trial court but not the state appellate court.

11   Specifically, the Ninth Circuit held that *Pinholster* allows a federal court to consider

12   information that was available to the state trial court, even if that information was not

13   also presented to the state appellate court.  *Id.* at 1226-27; *see also McDaniels v.*

14   *Kirkland*, 813 F.3d 770, 780 (9th Cir. 2015) ("Federal courts sitting in habeas may

15   consider the entire state-court record, not merely those materials that were presented to

16   state appellate courts.").  Thus, the court finds neither of Mr. Holbrook's arguments for

17   failing to produce the transcripts at issue to be persuasive.

18         Accordingly, assuming it is still possible following the death of the court reporter,

19   the court ORDERS Mr. Holbrook to arrange for the transcription of the deceased court

20   reporter's notes and then to produce the transcripts of the state court proceedings at issue

21   on September 8, 2000, February 12, 2001, and March 13, 19, and 20, 2001, as required

22   under Local Rule LCR 104(i)(1)(A).  In addition, because the court reporter is deceased,

1   the court also ORDERS Mr. Holbrook to produce the court reporter's original notes of

2   those same proceedings.  If for any reason Mr. Holbrook is unable to comply with this

3   order within 30 days, counsel for Mr. Holbrook shall immediately notify the court and

4   file a declaration stating his reasons for noncompliance.

5   **IV.    CONCLUSION**

6   As described above, the court ORDERS the following schedule for Mr. Cross's

7   motion for discovery, expansion of the record, and an evidentiary hearing:  (1) Mr.

8   Cross's motion is due no later than September 30, 2016; (2) Mr. Holbrook's response is

9   due no later than October 31, 2016; and (3) Mr. Cross's reply is due no later than

10  November 14, 2016.

11  In addition, the court ORDERS Mr. Holbrook to produce transcripts of the state

12  court proceedings at issue for September 8, 2000, February 12, 2001, and March 13, 19,

13  and 20, 2001.  In addition, the court ORDERS Mr. Holbrook to produce the court

14  reporter's original notes underlying the transcripts.  Finally, if for any reason, Mr.

15  Holbrook is unable to comply with this order within 30 days, the court ORDERS counsel

16  for Mr. Holbrook to immediately notify the court and file a declaration stating his reasons

17  for noncompliance.

18  Dated this 19th day of August, 2016.

19

20  

21  JAMES L. ROBART
    United States District Judge

22

ORDER- 13